Colcock, J.
delivered the opinion of the Court.
# This case comes up on a special verdict taken at Williamsburgh, in these words,—
“We find that the plaintiff is an Irishman born, and no proof that he ever was in Carolina is adduced. We also find that the grants dated 1790 and 1791, to the said- plaintiff, cover the lands in question, and the trespass thereon has been committed by the defendant. If the Court be of opinion that such an alien can hold lands legally in this state, we find the land described, with the lines marked A, B, C, D, F, G, H, I, J, to be the freehold of the plaintiff, and five dollars damages; but if the Court be of opinion that such an alien cannot hold lands in this country, then we find for the defendant.” (Signed,) James M‘Bride, Foreman;
Whereupon the presiding Judge decided, that the plaintiff was such an alien as could hold the lands in question; and the motion now is to reverse that decision, and for a new trial, and in arrest of judgment. Because it is contended that such an alien cannot hold lands in this state, and that defendant should have leave to enter up judgment upon the special verdict. It i» *412 clear law, that an alien cannot hold lands in this state at the Common law; and if a grant be made to such, it is void. In the 2 Vol. of Black. Com. p. 347, 8. — he says, the King’s Grant shall not enure to any other interest than that which . is expressed; as if he grants land to an alien it operates nothing, for such grant shall not also enure to make him a denizen, that so he might be capable of taking by grant, 1 Bro. Abr. Tit. Patent, 62 — Finch, L. 110; and if he grants an estate contrary to the rules of law, in any of these cases the grant is absolutely void. By an act of the Legislature, passed in 1807, all grants made to aliens were declared valid, and they are permitted to hold lands under them; but to that act there is a proviso, “• That every alien previously to his or her being entitled to avail him or herself of any of the benefits of this act, shall declare his or her intention to become a citizen of the United States, agreeably to the acts of Congress in such case made and provided. Now the case presented for determination is by special verdict, and I am therefore confined to the facts stated therein. It not appearing that the plaintiffhad declared his intention to become a citizen according to the directions of the said act, it cannot operate in this case to validate the grant; I therefore pronounce judgment for the defendant on the special verdict, the grant being void at the Common Law.
Charleston,
May, 1817.
Richardson, for the plaintiff.
J. R. Mitchell, for defendant.